BYRNES, Judge.
We granted certiorari in this case in order to address the relationship between civil law prescriptive concepts and the provisions of R.S. 14:74 and 75.
On February 6, 1976 respondent was found guilty of criminal neglect of family, a violation of R.S. 14:74. As an alternative sentence, in lieu of imprisonment, the trial court ordered support payments of $60.00/month to be made. This was not done and in 1986 the state moved to have respondent found guilty of contempt of court. He responded by pleading that the liberative prescription of 5 years provided in C.C. Article 3497.1 prevented the state from seeking five years of the unpaid support in the contempt proceedings. The trial court agreed and granted the exception. We reverse.
In our opinion, this case does not involve prescription at all. Under R.S. 14:74, a defendant who is found guilty of criminal neglect of family may be sentenced to up to six months imprisonment and/or fined up to $500.00. Under R.S. 14:75(A), the court may issue a support order as an alternative sentence in lieu of other punishment. It is important to remember that this support order is not a civil support judgment, it is a criminal sentence imposed in lieu of other punishment.
Under R.S. 14:75(B), a defendant who does not honor the conditions of his first sentence commits a new crime — contempt of court. R.S. 14:75(B)(1) and (2) provide the sentencing alternatives for this new crime. Under these provisions, a defendant can be sentenced to up to six months in jail and fined up to $100.00 or the trial judge may suspend all or part of the jail term and order payment of the total unpaid support due under the earlier sentence. Finally, the court may simply order payment of the total unpaid support sentence imposed earlier.
The fact that payment of past due support (which is itself a criminal sentence not a civil judgment) can form an element of this new sentence does not bring prescription into play. Nor does the fact that collection of this monetary sentence can be enforced civilly as a money judgement against the defendant. The civil enforcement provisions were simply intended to make enforcement of this sentence easier by means of civil collection procedures. The state’s power to fix sentences for crimes is not affected by civil law concepts of liberative prescription. The trial judge erred by applying them in this case.
We also note that the trial court mis-interpreted the 1976 judgment when he concluded that the order of support was in lieu of sentence. We disagree. In our opinion the support order was the sentence of the court, imposed as an alternative to imprisonment and fine. Thus the court was wrong to conclude that defendant had never been sentenced under R.S. 14:74.
For the foregoing reasons the trial court’s judgment is reversed and the case remanded for recalculation of the total amount due by respondent.